UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RESULT MARKETING GROUP, LTD.,

      Plaintiff,

v.                         Case No.: 3:21-cv-00611-TJC-JBT

SOUTHEASTERN GROCERS, LLC,
BI-LO, LLC, WINN-DIXIE STORES,
INC., QUOTIENT TECHNOLOGY,
INC., and John Does 1-10,

      Defendants.

_____/

## DEFENDANT QUOTIENT TECHNOLOGY INC.'S
## <u>MOTION TO DISMISS</u>

Under Federal Rule of Civil Procedure 12(b)(6), Defendant Quotient Technology Inc. ("Quotient") moves to dismiss the Complaint (Doc. 1) on three independent grounds. First, the Complaint is an impermissible shotgun pleading. Second, Plaintiff Result Marketing Group, Ltd.'s ("RMG") claims against Quotient for tortious interference, civil theft, and unjust enrichment (Counts IV through VII) are preempted by the Florida Uniform Trade Secrets Act, which "displace[s] conflicting tort, restitutory, and other law of this state providing civil remedies for

misappropriation of a trade secret." § 688.008(1), Fla. Stat. Third, the Complaint fails to state a claim against Quotient for civil theft.

## BACKGROUND

On June 17, 2021, RMG initiated this action by filing the Complaint against Defendants Southeastern Grocers, LLC, Bi-Lo, LLC, Winn-Dixie Stores, Inc. (collectively the "SEG Defendants"), Quotient, and John Does 1-10. The Complaint asserts claims for breach of a non-disclosure agreement against the SEG Defendants (Count I); violation of the Defend Trade Secrets Act of 2016 against all Defendants (Count II); violation of the Florida Uniform Trade Secrets Act against all Defendants (Count III); civil theft under section 772.11, Florida Statutes, against all Defendants (Count IV); tortious interference with a contract against Quotient (Count V); tortious interference with a prospective business relationship against Quotient (Count VI); and unjust enrichment against all Defendants (Count VII).

All of these claims are based on the alleged misappropriation of trade secrets and confidential information related to a business concept RMG calls a "Retail Media Hub." Compl. ¶ 1. The Complaint alleges that a Retail Media Hub allows a retailer to monetize its "Media Estate"—RMG's term for the retailer's

2

"actual and potential channels of communication with customers." Compl. ¶¶ 1, 17.

The Retail Media Hub is, as the Complaint describes it, "a centralized interface between the retailer and each of the participants in its new Retail Media business." Compl. ¶ 18. The Retail Media Hub, according to the Complaint, "allows participants to explore and purchase advertising and marketing opportunities in a variety of forms and locations throughout the retailer's business." Compl. ¶ 18. The Complaint gives the following examples of opportunities for a supermarket retailer to place advertising or marketing content: "(1) the retailer's printed circulars and advertisements; (2) in store posters, banners, 'shelf talks,' 'shelf takes' and other printed material; (3) shopping cart noses; (4) in-store audio recordings; (5) the retailer's website; (6) the retailer's digital marketing, including email and social media; and (7) the retailer's television marketing." Compl. ¶ 19.

The Complaint continues that in March 2016, RMG and the SEG Defendants entered into a Mutual Non-disclosure Agreement (the "NDA") "to allow RMG to securely and confidentially share its proprietary and confidential trade secrets, business methods and other intellectual property so that the parties could explore

a collaboration." Compl. ¶¶ 32-33, Exhibit 1. After discussions, however, the proposed collaboration never came to fruition. *See* Compl. ¶ 68.

RMG now contends that "Defendants willfully and maliciously misappropriated Plaintiff's proprietary trade secrets, in bad faith, to generate lucrative revenues without having to pay Plaintiff fair compensation." Compl. ¶ 98. For the reasons explained below, RMG's Complaint fails to state a claim.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts accept well-pleaded facts as true but need not accept a complaint's legal conclusions. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). Surviving a motion to dismiss "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "'The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171 (11th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

4

## I.   The Complaint is an impermissible shotgun pleading and should therefore be dismissed.

The Eleventh Circuit has defined four types of shotgun pleadings, each of which is subject to dismissal:

- (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint";

- (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action";

- (3) a complaint that fails to "separate 'each cause of action or claim for relief' into a different count"; and

- (4) "a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'"

*Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (alteration in original) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). All four types of shotgun pleadings have one "unifying characteristic": "they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The Eleventh Circuit has "little tolerance" for shotgun pleadings. *Barmapov*, 986 F.3d at 1324 (internal quotation marks and quoted authority omitted).

Here, Counts II through VII adopt the allegations of all preceding counts. Compl. ¶¶ 92, 100, 106, 115, 119, 123. Each count starts with the same language that adopts all the allegations that precede it: "Plaintiff repeats and realleges the preceding allegations as if fully set forth herein." *Id.* The Complaint is thus a "quintessential 'shotgun' pleading[]" of the first type. *See, e.g.*, *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (affirming a dismissal and explaining that a "typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions").

Further, Counts II, III, IV, and VII are alleged against all Defendants and do not specify which allegations are against which Defendant. Compl. ¶¶ 92-114, 123-25. The Complaint thus falls into the fourth type of shotgun pleading as well. *See, e.g.*, *Bullbag Corp. v. Bags O Money, LLC*, No. 6:20-CV-2249-PGB-GJK, 2021 WL 2521843, at *1 (M.D. Fla. Mar. 22, 2021) (concluding that the complaint fell "squarely within the fourth category of shotgun pleadings" because the plaintiff alleged five counts against five defendants without delineating each defendant's liability-creating conduct).

6

The deficiencies in the Complaint here parallel those in *Bullbag Corp.*, in which the district court observed that although the complaint "initially" described the relationships between the defendants as business entities, the rest of the complaint referred to the defendants "as a monolith." *Id.* The court observed that because the defendants were lumped together, neither the defendants nor the court could discern who did what. *Id.*

Here, similarly, the Complaint fails to give Quotient adequate notice of the claims against it and the grounds upon which each claim rests. Counts II, III, IV, and VII are alleged against all Defendants and incorporate the allegations of all preceding paragraphs—including allegations that relate to interactions between RMG and the SEG Defendants in which Quotient did not participate. *See* Compl. ¶¶ 29-58. Yet those counts do not specify which conduct by Quotient is the alleged "liability-creating conduct." *Bullbag Corp.*, 2021 WL 2521843, at *1.

Because Counts II through VII improperly incorporate the allegations of all preceding counts, and because Counts II, III, IV, and VII lump all Defendants together, the Complaint leaves Quotient without "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at

1323. The Complaint should therefore be dismissed as an impermissible shotgun pleading.

## II. Counts IV through VII are preempted by the Florida Uniform Trade Secrets Act.

Section 688.008, Florida Statutes, provides that the FUTSA "displace[s] conflicting tort, restitutory, and other law of this state providing civil remedies for misappropriation of a trade secret." § 688.008(1), Fla. Stat. Consequently, to allege claims for additional torts "where there are claims for misappropriation of a trade secret, there must be *material distinctions* between the allegations comprising the additional torts and the allegations supporting the FUTSA claim." *Selectica, Inc. v. Novatus, Inc.*, No. 6:13-CV-1708-Orl-40TBS, 2015 WL 12843841, at *3 (M.D. Fla. Sept. 30, 2015) (quoting *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 908 (M.D. Fla. 2007)); *see also Digiport, Inc. v. Foram Dev. BFC, LLC*, 314 So. 3d 550, 553-54 (Fla. 3d DCA 2020) (affirming summary judgment for the defendant on a common law claim for misappropriation of a business idea on the ground that the claim was not "material[ly] distinct[]" from the plaintiff's FUTSA claim and was therefore preempted by the FUTSA).

Further, whether a claim is preempted by the FUTSA does not depend on whether the information alleged to have been misappropriated "rise[s] to the level

8

of [a] statutorily-defined 'trade secret.'" *Am. Registry, LLC v. Hanaw*, No. 2:13-cv-352-FtM-29CM, 2014 WL 12606501, at *5 (M.D. Fla. July 16, 2014). Instead, the FUTSA "preempts all non-contract claims based on the misappropriation of confidential and/or commercially valuable information *even if the information does not constitute a trade secret under the FUTSA.*" *Id.* at *6 (emphasis added); *see also id.* at *5 (observing that the corresponding preemption provisions in other states' Uniform Trade Secrets Acts "ha[ve] generally been interpreted to abolish all free-standing alternative causes of action for theft or misuse of confidential, proprietary, or otherwise secret information falling short of trade secret status (e.g., idea misappropriation, information piracy, theft of commercial information, etc.)" (quoting *Hauck Mfg. Co. v. Astec Indus., Inc.*, 375 F. Supp. 2d 649, 655 (E.D. Tenn. 2004))).

Here, as explained below, Counts IV through VII are preempted by the FUTSA because those claims are predicated on the same wrongdoing as RMG's claim for misappropriation of trade secrets under the FUTSA in Count III.

### a.   The civil theft claim asserted in Count IV of the Complaint is preempted by the FUTSA.

RMG's claim under the FUTSA, in Count III of the Complaint, alleges, in short, that Defendants misappropriated trade-secret information regarding the

design and implementation of a "Retail Media Hub." Compl. ¶ 102. RMG's civil theft claim, asserted in Count IV, is based on precisely the same conduct.

Count IV—which incorporates all of the allegations of Count III, *see* Compl. ¶ 106—is explicitly based on "[m]isappropriation of trade secrets and other confidential and proprietary business information." Compl. ¶ 107. Count IV alleges in support of RMG's civil theft claim that Defendants unlawfully deprived RMG "of the right to, or the benefits of," RMG's "trade secrets and Confidential Information and unlawfully appropriated" that information to Defendants' "own unauthorized use." Compl. ¶ 108. Count IV also alleges that Defendants "unlawfully stole or embezzled RMG's trade secrets and Confidential Information . . . and unlawfully made or caused to be made copies of RMG's trade secrets and Confidential Information." Compl. ¶ 109.

Thus, the alleged wrongdoing underlying RMG's claims for civil theft in Count IV and misappropriation of trade secrets in Count III is the same. Because there are no "material distinctions" between the allegations supporting those two claims, the civil theft claim is preempted by the FUTSA. *Digiport, Inc.*, 314 So. 3d at 553 (quoting *New Lenox Indus., Inc.*, 510 F. Supp. 2d at 908).

The decision of the Third District Court of Appeal in *Digiport, Inc. v. Foram Development BFC, LLC* is on point here. In that case, the court held that the FUTSA preempted the plaintiff's common law claim for misappropriation of a business idea. *Digiport, Inc.*, 314 So. 3d at 554. Both claims were "premised upon allegations that [the plaintiff] invested substantial time in creating a novel business idea, the idea was disclosed to [the defendant] in confidence, reasonable measures to protect the secrecy were undertaken, and [the defendant] misappropriated the idea by disclosing its plans to other companies for its own benefit." *Id.* The *Digiport* court found "no material variations between the counts" and therefore affirmed the trial court's order granting summary judgment on the claim for misappropriation of a business idea. *Id.*

Here, as in *Digiport*, there are "no material variations between" Count III and Count IV. *Id.* Count IV is therefore preempted by the FUTSA.

Nor is Count IV rescued from preemption by the Complaint's references to "trade secrets *and other* confidential and proprietary business information." Compl. ¶ 107 (emphasis added). Again, the FUTSA preempts "claims based on the misappropriation of confidential and/or commercially valuable information

even if the information does not constitute a trade secret under the FUTSA." *Am. Registry, LLC*, 2014 WL 12606501, at *6.

Count IV thus fails to state a claim. Further, because the sole basis for RMG's civil theft claim is alleged misappropriation of trade secrets, RMG cannot plead a civil theft claim that would avoid preemption by the FUTSA. Count IV should therefore be dismissed with prejudice. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) (concluding that dismissal with prejudice is appropriate if "[l]eave to amend would be futile [because] an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage").

**b.** **The tortious interference claims asserted in Count V and Count VI are preempted by the FUTSA.**

The same shortcoming is fatal to Counts V and VI. Count V asserts a claim against Quotient for tortious interference with the NDA between RMG and the SEG Defendants. Compl. ¶ 117; *see also* Compl. Ex. 1. Count VI asserts a claim against Quotient for tortious interference with the "prospective business relationship" between RMG and the SEG Defendants. Compl. ¶¶ 120-21.

Both Count V and Count VI incorporate all of the allegations of Count III, RMG's claim under the FUTSA. Compl. ¶¶ 115, 119. And both Count V and Count VI are based on the same alleged misconduct as Count III: the alleged

misappropriation of RMG's trade secrets. Count V alleges that "Quotient intentionally and unjustly interfered [with] the NDA by willfully accepting and/or encouraging SEG[] [Defendants'] improper disclosure of confidential RMG information subject to the NDA." Compl. ¶ 117. Count VI alleges that "Quotient intentionally and unjustly interfered with [RMG's] prospective relationships by willfully accepting and/or encouraging SEG[] [Defendants'] improper disclosure of confidential RMG information subject to the NDA and then using that information to usurp the business opportunity and divert the revenues of that opportunity to itself." Compl. ¶ 121. As with Count IV, there are no "material distinctions" between the allegations supporting Counts V and VI and the allegations supporting Count III. *Digiport, Inc.*, 314 So. 3d at 553 (quoting *New Lenox Indus., Inc.*, 510 F. Supp. 2d at 908).

The decision of District Judge Paul G. Byron of the Middle District of Florida in *Selectica, Inc. v. Novatus, Inc.* is instructive. In *Selectica*, the court granted partial summary judgment in favor of the defendant on the plaintiff's claim of tortious interference with business relationships. 2015 WL 12843841, at *4. The court found that "[t]he actual wrong alleged in the tortious interference claim is that [the defendant] misappropriated [the plaintiff's] trade secrets, and as a result of that

13

misappropriation, [the plaintiff's] business relationships were harmed." *Id.* The court concluded that the plaintiff's tortious interference claim rested on "[t]he same conduct and harm" as its claim for misappropriation of trade secrets under the FUTSA. *Id.* Finding no material distinction between the allegations supporting the claim for tortious interference and the allegations supporting the claim for misappropriation of trade secrets, the court granted the partial summary judgment. *Id.; see also, e.g., Pelfrey v. Mahaffy,* No. 17-CV-80920, 2018 WL 3110797, at *4 (S.D. Fla. Feb. 7, 2018) (concluding that a claim of tortious interference with contract was preempted by the FUTSA where the wrongdoing and resulting harm alleged under both claims were factually indistinguishable).

Here, as in *Selectica*, the tortious interference claims asserted in Count V and Count VI of the Complaint rest on the "same conduct and harm" as the claim for misappropriation of trade secrets under the FUTSA in Count III. 2015 WL 12843841, at *4. Counts V and VI are therefore preempted. And because RMG cannot replead those counts to avoid preemption, Counts V and VI should be dismissed with prejudice. *See L.S. ex rel. Hernandez*, 982 F.3d at 1332.

> c.   **The unjust enrichment claim asserted in Count VII of the Complaint is preempted by the FUTSA.**

Finally, the unjust enrichment claim asserted against all Defendants in Count VII suffers the same fate as Counts IV through VI. Count VII incorporates the allegations of the preceding counts—including Count III—and alleges simply that "[a]s a result of the foregoing misconduct, Defendants have been unjustly enriched." Compl. ¶ 124.

Thus, RMG's unjust enrichment claim on its face rests on the same basis as the preceding counts: the alleged misappropriation of RMG's trade secrets. Consequently, Count VII, for unjust enrichment, is preempted by the FUTSA. *See New Lenox Indus., Inc.*, 510 F. Supp. 2d at 910 (dismissing an unjust enrichment claim because it was preempted by the FUTSA).[1] Indeed, the FUTSA expressly authorizes a plaintiff to recover the "unjust enrichment caused by misappropriation." *Id.* (quoting § 688.004, Fla. Stat.). Count VII should therefore be dismissed with prejudice. *See L.S. ex rel. Hernandez*, 982 F.3d at 1332.

---

[1] Although the court in *New Lenox Industries* allowed the claim for civil theft to proceed, *see* 510 F. Supp. 2d at 910, in that case, the defendants did not raise, and the court did not decide, the issue of whether the FUTSA preempted the civil theft claim. The court's ruling regarding the civil theft claim in *New Lenox Industries* therefore does not control in this case.

III.   **The civil theft claim asserted in Count IV should be dismissed because the Complaint fails to allege a demand sufficient to comply with section 772.11, Florida Statutes.**

RMG's civil theft claim should also be dismissed for another, independent reason. The Complaint does not allege an adequate presuit demand.

Section 772.11(1), Florida Statutes, provides that "[b]efore filing an action for damages under this section"—in other words, before filing an action for civil theft—"the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section." § 772.11(1), Fla. Stat. Here, the Complaint alleges no such demand.

In an apparent attempt to meet this requirement, the Complaint alleges as follows:

> By letter dated April 5, 2021, RMG advised Defendants that they had committed civil theft under Fla. State. [sic] § 772.11 and demanded that "each immediately provide an accounting to RMG of all revenue and profits they have received in connection with the SEG Media Hub and Quotient's Retail Performance Media business, to enable the parties to discuss an appropriate remedy."

Compl. ¶ 111. But section 772.11(1) requires a demand for "$200 or the treble damage amount," § 772.11(1), Fla. Stat., not a demand to "provide an accounting," Compl. ¶ 111. The Complaint's allegations are therefore insufficient to state a claim for civil theft.

16

In *Florida Recovery Adjusters, LLC v. Pretium Homes, LLC*, 261 So. 3d 664 (Fla. 3d DCA 2018), Florida's Third District Court of Appeal reversed a default judgment to the extent that it awarded damages for an improperly alleged civil theft claim. *Id.* at 668. The court concluded that the complaint failed to state a cause of action for civil theft in part because the plaintiff's "demand letters were facially deficient because they requested more than the maximum treble damages amount" that could have been recovered even "[t]aking every allegation in the complaint as true." *Id.* at 667.[2]

Here, the demand letter is not alleged to have requested any treble damages amount—or, indeed, payment of any amount at all. It requested only "an accounting . . . of all revenue and profits," "to enable the parties to discuss an appropriate remedy." Compl. ¶ 111. Because the Complaint fails to allege the demand required by section 772.11(1), RMG's civil theft claim should be dismissed.

---

[2]    In light of the court's holding in *Florida Recovery Adjusters*, it can no longer be maintained, as some previous federal authority had concluded, that "Florida law does not require a demand . . . in order to state a cause of action for civil theft." *Century Senior Servs. v. Consumer Health Benefit Ass'n*, 770 F. Supp. 2d 1261, 1266 (S.D. Fla. 2011).

17

## CONCLUSION

The Complaint should be dismissed for failure to state a claim against Quotient. The Complaint is an impermissible shotgun pleading, several counts are preempted, and the Complaint fails to allege a demand sufficient to support a civil theft claim.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant Quotient Technology Inc. has conferred by email with counsel for Plaintiff Result Marketing Group, Ltd. Plaintiff opposes the relief requested in this motion.

BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
Professional Association

By: s/ Michael E. Lockamy
Michael E. Lockamy
Florida Bar No. 69626
Email: mel@bedellfirm.com
John G. Woodlee
Florida Bar No. 0100990
Email: jgw@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307

-and-

O'MELVENY & MYERS LLP
David S. Almeling
Email: dalmeling@omm.com
Darin W. Snyder
Email: dsnyder@omm.com
Sorin G. Zaharia
Email: szaharia@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8942

Counsel for Defendant Quotient Technology, Inc.