UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| RESULT MARKETING GROUP, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action. No. 3:21-cv-611-TJC- |
| v. | ) | PDB |
| | ) | |
| SOUTHEASTERN GROCERS, LLC, | ) | |
| BI-LO, LLC, WINN-DIXIE STORES, | ) | |
| INC., QUOTIENT TECHNOLOGY, | ) | |
| INC., and JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO SEAL EXHIBITS 7 AND 9
TO THE DECLARATION OF COUNSEL MADE IN
SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
<u>DOCUMENT RESPONSES AND MODIFY SCHEDULING ORDER</u>**

Plaintiff, Result Marketing Group LTD ("RMG" or "Plaintiff"), pursuant to Middle District of Florida Local Rule 1.11(d), respectfully move for entry of an order to seal exhibits titled "RMG's Response to Quotient Interrogatories" as Exhibit 7 and "RMG's Response to SEG Interrogatories" as Exhibit 9 (the "Exhibits") to the Declaration of Counsel in Support of Plaintiff Result Marketing Group, LTD's Motion to Compel filed contemporaneously (the "Declaration"), which was filed on May 20, 2022. The Exhibits to the Declaration that Plaintiff seek to have filed under seal contains extensive

confidential company information and trade secrets which belong to the Plaintiff and are within the auspices of the agreed upon stipulated protective order that has been implemented in this litigation. For these reasons and the reasons set forth in the following Memorandum, the Court should order the filing of the Declaration of be made under seal.

## MEMORANDUM

### I.    Background

1.    On May 20, 2022, Plaintiff filed a Motion to Compel Defendants' Response to Request for Documents (the "Motion"). Federal Rule of Civil Procedure 5.2(d) authorizes a court to permit parties to file documents under seal. The Local Rules for the Middle District of Florida also prescribe the contents of a motion to seal.

2.    The movant must include (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.11(c).

3.    The public's right to inspect and copy court filings is not absolute. "[A] judge's exercise of discretion in deciding whether to release judicial records

should be informed by a 'sensitive appreciation of the circumstances that led to . . . [the] production [of the particular document in question].' " *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Thus, documents may be sealed if there exists good cause to do so—an inquiry which is informed by "balanc[ing] the party's interest in keeping the information confidential against the public interest in accessing court documents." *Capsmith, Inc. v. Wysopal*, 2009 WL 277075, at *1 (M.D. Fla. Feb. 5, 2009) (citing *Chi. Tribune Co.*, 263 F.3d at 1314-15). In conducting this balance, district court's must be mindful that the voluntary production of confidential information pursuant to a protective order should not be discouraged by concerns that such information might be disclosed in a public filing by the party's adversary. *See Chi. Tribune Co*, 263 F.3d at 1315 n.15.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id*. at 599. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1310-12 (11th Cir. 2001); *see also Romero v. Drummond Co., Inc*., 480 F.3d 1234, 1245 (11th Cir. 2007).

The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune Co.*, 263 F.3d at 1313. Whether good cause exists depends on the nature and character of the information in question. Romero, 480 F.3d at 1246. In balancing the public's right of access to court documents against a party's interest in keeping the information confidential, courts consider

> "[W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."

*Id. at 1246.*

Courts have removed documents filed on the public docket that should have been filed under seal. *See, e.g., Arthrex, Inc. v. Parcus Med., LLC*, 2014 WL 1569149, at *3 n.4, *5 (M.D. Fla. Apr. 17, 2014) ("Finding good cause to permit the filing of Motion in Limine No. 1 under seal as part of this Order, the Court . . . will direct the Clerk to remove Doc. 286 from the public docket."); *Harling v. Ado Staffing, Inc.*, 2014 WL 12621226, at *2 (M.D. Fla. Jan. 23, 2014) ("The Motion is GRANTED to the extent that the Clerk is directed to remove from the public docket the Complaint (Doc. No. 1), the Amended Complaint (Doc. No. 5), and the Second Amended Complaint (Doc. No. 8) and redact from the documents the following paragraphs: [listing specific

paragraphs].”); *World Digital Rights, Inc. v. Does*, 2012 WL 12917393, at \*1 (M.D. Fla. July 9, 2012) (“[T]he Court finds good cause to seal or remove the information from the Court’s public docket information and replace it with the redacted version.”).

Furthermore, “‘Federal courts apply the trade secret law of the appropriate state,’” *DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1371 (Fed. Cir. 2021) (quoting *Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1116 (Fed. Cir. 1996); *see also Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) (*applying Florida trade secret law*)). “Florida has adopted the Uniform Trade Secrets Act.” *DePuy Synthes Prod., Inc.*, 990 F.3d at 1371 (citing *Lake Worth Surgical Ctr., Inc. v. Gates*, 266 So. 3d 198, 202 (Fla. 4th DCA 2019)). “The Florida Uniform Trade Secrets Act (“FUTSA”) defines a trade secret as information that:

> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.”

*Id*. (citing Fla. Stat. § 688.002(4)). “As is evident from the statute, then, a trade secret under Florida law ‘consists of information that (1) derives economic value from not being readily ascertainable by others and (2) is the subject of

reasonable efforts to maintain its secrecy.'" *Id.* (quoting *Am. Red Cross*, 143 F.3d at 1410 (citing § 688.002(4)); *TLS Mgmt. & Mktg. Servs., LLC v. Rodríguez-Toledo*, 966 F.3d 46, 52 (1st Cir. 2020) (noting that the FUTSA "requires proof that the alleged trade secret (1) was distinct from general knowledge; (2) was not readily ascertainable; (3) had independent value; and (4) was subject to reasonable security measures")). *Id.*

Here, as good cause for requesting this court to file the Confidential Trade Secret Filing under seal, RMG asserts trade secret protection over the methods, systems, layouts and methods for valuation and commercialization of campaign channels that is contained throughout the Exhibits *See, e.g., Joao Bock Transaction Sys., LLC v. Fid. Nat. Info. Servs., Inc.*, 2014 WL 279656, at *1 (M.D. Fla. Jan. 24, 2014) (granting leave to file trade secret and confidential information under seal). The Exhibits consists of information that is the subject of vast efforts to maintain its secrecy; otherwise, the Confidentiality Agreement would not have been negotiated and executed.

The following table, entitled "Confidentiality Grid," identifies the confidential and trade secret information contained in the Exhibits that RMG seeks to seal to protect its business interests:

| CONFIDENTIALITY GRID | |
| --- | --- |
| **Document/Paragraph No./Exhibit** | **Confidential and/or Trade Secret Information** |

| __ - Declaration of Counsel – Exhibit 7 - RMG's Response to Quotient Interrogatories | Systems methods, designs, plans, step by step processes and evaluation models |
|---|---|
| __ - Declaration of Counsel – Exhibit 9 - RMG's Response to SEG Interrogatories | Systems methods, designs, plans, step by step processes and evaluation models |

As evidenced by the above-referenced delineation of the current publicly available confidential information and documentation, the sealing of the Exhibits is necessary. The confidential and trade secret information would not be readily ascertainable by any other parties due to the security measures taken by both Parties to maintain secrecy (e.g., the Confidentiality Agreements). There are simply no other means available that will allow this Court to be fully advised of the facts and relevant issues while protecting RMG's interest in the Exhibits. Even if the aforementioned confidential information is redacted, redaction will simply render the document incomprehensible given the amount of confidential information and detail that permeate throughout the filing. *See* M.D. Fla. R. 1.11(c)(3)(c).

As to the proposed duration of the seal, Plaintiff purposes the Exhibits remain sealed until a further order of this Court is entered permitting appropriate redaction of the propriety and confidential information is made which such order shall be entered within 90 days following a final order resolving all claims and any appeals in this matter.

## <u>Conclusion</u>

For these reasons, the Plaintiff respectfully request this Court enter an order to allow Plaintiff to file under seal Exhibit 7 and Exhibit 9 to Declaration of Counsel in Support of the Motion.

## <u>Local Rule 3.01(g) Certification</u>

On May 17, 2022, counsel for Plaintiff conferred with counsel for Defendants, regarding the relief sought in this Motion. All of the Defendants' counsel have authorized undersigned counsel to represent that Defendants do not oppose the relief sought in this motion.

Respectfully submitted,

MEDINA LAW FIRM LLC

By: */s/ Eric S. Medina*
    Eric S. Medina, Esq.
    Florida Bar #72179
    Medina Law Firm LLC
    1199 S. Federal Highway
    Suite 421
    Boca Raton, FL 33142
    Phone: (954) 546-0980
    Fax: (888) 833-9534
    emedina@medinafirm.com
    *Attorneys for Plaintiff*

    &

    PRESS KORAL LLP

By: */s/ Matthew Press*

Matthew J. Press, Esq.
(*Pro Hac Vice*)
PRESS KORAL LLP
Matthew J. Press
Jason M. Koral
641 Lexington Avenue
13th Floor
New York, NY 10022
Phone: (212) 922-1111

## Certificate of Service

I HEREBY CERTIFY that on May 20, 2022, a true copy of the foregoing was filed with the Clerk of the Court utilizing the CM/ECF System.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

*/s/ Eric S. Medina*
Eric S. Medina, Esq.